*304 OPINION.
Geebn :
In the deficiency letter proposing to assess the taxes, here involved, appears the following statement:
This office is not in agreement with the Revenue Agent in regard to the computation of your invested capital under section 331 of the Revenue Act of 1918, as it is held that control passed and an actual reorganization took place at the time the old company was bought by William Leary.
The respondent in his brief contends that this section is applicable and that the 'petitioner’s invested capital should be computed in accordance therewith. No such issue is raised by the pleadings and accordingly we have entirely disregarded the contention made by the respondent in his brief. A consideration of this question at this time would impose a hardship on the petitioner in that it has had no opportunity to offer evidence with respect to the question. If the respondent felt that the section was applicable, he having previously held it inapplicable, it was incumbent upon him to raise the issue by appropriate affirmative allegations in his answer, which allegations must then be supported by proper proof.
The principal question in this case has to do with the petitioner’s statutory invested capital and the value of the assets acquired by *305 the petitioner in exchange for its stock. The facts may be summarized as follows: Leary, being desirous of acquiring the name and all of the assets of the old company, entered into an agreement with Williams as the representative of all of the stockholders of the old company, by the terms of which Leary agreed to organize a corporation with an authorized capital stock of $2,500,000, to be divided in $500,000 preferred and $2,000,000 common stock, each share to have a par value of $100, and Williams agreed that the old company would accept all of the stock in the new company in exchange for all of the assets of the old, which stock was to be forthwith distributed to the old stockholders and that, of the stock so distributed, said old stockholders would sell all the common to Leary for $450,000. Thereafter the new. corporation was organized and a contract entered into between it and the old for the exchange of the assets of the old for the stock of the new. This contract was carried out and the stock thus received distributed to the old stockholders and they, pursuant to the agreement made for them by Williams, sold the common stock to Leary for $450,000, $200,000 of which was paid to the stockholders in cash in proportion to their stockholdings and $250,000 by notes payable to the various stockholders in the same proportion.
Section 326 of the Revenue Act of 1918 provides, among other things, that there shall be included in invested capital the actual cash value of tangible property actually paid in for stock and, subject to the limitations therein provided, the cash value of intangible property so paid in. . The petitioner acquired all of the assets of the old company in exchange for all of its stock and is, therefore, entitled to have its invested capital determined in accordance with the above summarized provisions of section 326. That is to say, there should be included in invested capital an amount equal to the sum of the cash value of the .tangibles and the value of the intangibles subject to the limitations.
From the deficiency letter we gather that the respondent proceeded upon the theory that the sale to Leary determined the market value of the stock and that such market value determined the value of the assets acquired in exchange therefor. We think that the provision of the statute requires the 'inclusión in invested capital of the cash value of the assets subject to the limitations. This value and not the market value of the stock is the test. In the absence of better proof, recourse may be had to value of stock as a measure of the value of assets acquired therefor, but the statute prescribes cash value of assets and in the determination of such cash value all facts and circumstances tending to establish such value should be considered and if it appears that the value of the assets exceeds the market value of the stock, the true value of the assets should be used.
Even if the sale of the common stock to Leary did establish its market value, we believe that the cash value of the assets acquired *306 in exchange for both the common and preferred stock exceeded $950,000, which is the sum of the par of the preferred and the market value of the common stock, and have accordingly found the total value of assets to be $1,500,000, which we have in our findings of fact allocated to tangibles and the two classes of intangibles. The petitioner’s invested capital and depreciation should be computed accordingly.

Judgment will be entered wader Bule 50.